**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED
AT 8:30
NOV 2 0 2009
WILLIAM T. WALSH
CLERK

| | |
|---|---|
| CRAIG THORNER and VIRTUAL REALITY FEEDBACK CORPORATION, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SONY COMPUTER ENTERTAINMENT AMERICA INC.; SONY COMPUTER ENTERTAINMENT INC.; GREGORY S. GEWIRTZ; LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP; PERFORMANCE DESIGNED PRODUCTS LLC; RILEY RUSSELL; LARRY C. RUSS; MARC A. FENSTER and RUSS AUGUST & KABAT, A PROFESSIONAL CORPORATION, )<br>)<br>Defendants. ) | Civil Action No. 09-1894 (GEB)<br><br>**MEMORANDUM OPINION** |

**BROWN, Chief Judge**

I.  **BACKGROUND**

This matter comes before the Court upon the motion of defendant Riley R. Russell ("Russell") to Dismiss or in the Alternative for Transfer to the Northern District of California (Dkt. No. 26) and the motion of defendants Larry C. Russ, Marc A. Fenster, and Russ, August & Kabat PC (the "RAK Defendants") to Dismiss or in the Alternative to Transfer to the Central District of California (Dkt. No. 39). The Court, having considered the parties' submissions and

decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, will deny both motions.

**A.     Facts**

Plaintiff Craig Thorner ("Thorner") is the named inventor on several patents covering peripheral tactile sensation generators for computer game systems. (Pls.' Br. at 2). Thorner is a citizen and resident of the State of New Jersey, and Plaintiff Virtual Reality Feedback Corporation ("VRF") is a corporation organized and existing under the laws of the State of New Jersey, with its principle place of business in the State of New Jersey. (Am. Compl. at ¶¶ 1,2). Defendant Marc A. Fenster ("Fenster"), a California attorney at defendant Russ August & Kabat, PC ("Russ August"), a law firm in California, allegedly sent Thorner an e-mail asking Thorner to contact him because Thorner's patents were "at the heart of . . . an invalidity defense" in another patent infringement action. (Pls.' Br. at 3). This separate action was initiated by Immersion against Electro Source, which is now known as Performance Design Products LLC. (*Id.* at 2). Fenster and Defendant Larry C. Russ ("Russ") allegedly telephoned Thorner several times in late April and early May 2005 to discuss Thorner's patents, and Thorner told them that he may be bound by an agreement with Immersion to not cooperate with third parties such as Electro Source. (*Id.*) Allegedly, defendant Sony also had a great interest in Thorner's patents because they feared the assertion of his patents against their computer gaming products. (*Id.* at 4).

Plaintiffs allege that "defendants PDP/Electro Source and Sony, through their attorneys, including defendants Gewirtz, Lerner David [defendant Lerner David Littenberg Krumholz & Mentlik, LLP], Russ, Fenster and Russ August contrived to take advantage of Thorner's inexperience and lack of resources in order to (i) obtain a patent license from Thorner and VRF

2

on extremely favorable terms, and (ii) induce Thorner to testify against Immersion." (Am. Compl. at ¶ 40). Plaintiffs allege that PDP/Electro Source and Sony, through their attorneys, developed a plan where Sony would have Electro Source negotiate with Mr. Thorner for a license that would be secretly paid for by Sony. (*Id.* at ¶¶ 42-44). This was because Sony allegedly feared that Thorner would demand a greater sum if he knew Sony was involved. (*Id.* at ¶ 43).

On May 4, 2005, defendant Russ allegedly e-mailed a proposed "Deal Point Memorandum" to Thorner. (*Id.* at ¶ 48). After some negotiation, Russ and Fenster allegedly assured Thorner that the proposed agreement was fair. (*Id.* at ¶ 55). This agreement was signed at the law offices of Lerner David on June 6, 2005. (*Id.* at ¶ 72). Russell, Russ, and Fenster also allegedly assured Thorner that PDP/Electro Source and Sony would not settle with Immersion, which would not trigger a "set-off" clause in the agreement that decreased PDP/Electro Source's royalty rates dollar-for-dollar for any royalties paid by PDP/Electro Source to any third parties. (*Id.* at ¶¶ 50(c), 55, 113).

Defendant Riley Russell is an in-house Sony lawyer who was allegedly involved in this plan. (*Id.* at ¶ 39). Russell allegedly had several phone conversations with Thorner in early June 2005 and also advised Thorner that he was no longer obligated to Immersion. (*Id.* at ¶¶ 56, 69). On March 9, 2006, Immersion dismissed its suit against PDP/Electro Source pursuant to a settlement agreement. Immersion then sued Thorner for cooperating with Sony and PDP/Electro Source in California state court on March 24, 2006. Thorner and Immersion settled this action. (Am. Compl. at ¶ 81).

B. **Procedural History**

The plaintiffs commenced this action on April 21, 2009. On June 22, 2009 defendant

Russell filed the instant motion to dismiss or transfer. On July 10, 2009 the RAK Defendants filed the instant motion to dismiss or transfer. All matters were fully briefed on August 13, 2009.[1]

## II. DISCUSSION

### A. Standard of Review

#### 1. Motion to Dismiss for Lack of Personal Jurisdiction

"[I]n deciding a motion to dismiss for lack of jurisdiction, a court is required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Ledgestone Assocs., LLC v. Internet Methods*, No. 06-567, 2008 U.S. Dist. LEXIS 49081 (D.N.J. June 27, 2008) (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). "If an issue is raised as to whether a court lacks personal jurisdiction over a defendant, the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007) (citing *G.E. v. Deutz AG*, 270 F.3d 133, 150 (3d Cir. 2001).

"A district court sitting in diversity applies the law of the forum state in determining whether personal jurisdiction is proper." *Vetrotex Vertainteed Corp. v. Consol. Fiber Glass Prods.*, 75 F.3d 147 (3d Cir. 1995). New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the outer boundaries allowed under the Due Process Clause of the Fourteenth Amendment. N.J. Court Rule 4:4-4; *Charles Gendler & Co., Inc. v. Telecom Equip. Corp.*, 102 N.J. 460 (1986). Pursuant to the Due Process Clause, personal jurisdiction may be asserted over a non-resident so long as the defendant has "certain

---

[1] The Court notes that a third motion, a Motion to Disqualify Plaintiff's Counsel filed by Defendant Sony Computer Entertainment America, Inc., is before Magistrate Judge Arpert. The Court expresses no opinion on the merits of that motion.

minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citations omitted). These contacts must be of a nature such that the individual non-resident defendant "should reasonably anticipate being haled into court there." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

There are two theories under which personal jurisdiction may be exercised: general and specific jurisdiction. First, the court may find that the defendant has had sufficiently "continuous and systematic contacts" with the forum to support general jurisdiction. *Nicholas v. Saul Stone & Co. LLC*, No. 97-860m 1998 U.S. Dist. LEXIS 22977, at *10 (D.N.J. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984)). To support such a finding, the plaintiff must show significantly more than mere minimum contacts with the forum state. *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987). The facts required to establish general jurisdiction must be "extensive and persuasive." *Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas*, 675 F.2d 587, 589 (3d Cir. 1982). "If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (2d Cir. 1992).

Second, if the cause of action is related to or arises out of the defendant's activities within the forum, the court may exercise specific jurisdiction. *Id.* This principle gives rise to a two-prong test: (1) the defendant must have constitutionally sufficient "minimum contacts" with the

5

forum State, and (2) if minimum contacts are shown, jurisdiction may be found where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." *Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co.*, 76 F.3d 147, 150-51 (3d Cir. 1996). The first prong - sufficient minimum contacts - exists if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 109 (1987) (quoting *Burger King*, 471 U.S. at 475). Once the plaintiff has made out a prima facie case that satisfies the first prong, the defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. In determining whether the assertion of jurisdiction violates the second prong, which requires upholding traditional notions of fair play and substantial justice, the court must consider several factors: the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolutions of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies. *Id.* at 476-77.

"A single contact that creates a substantial connection with the forum can be sufficient to support the exercise of personal jurisdiction over a defendant." *Miller Yacht Sales v. Smith*, 384 F.3d 93, 96 (3d Cir. 2005) (citing *Burger King*, 471 U.S. at 472). When the defendant commits an intentional tort outside the forum, causing damage within the forum, personal jurisdiction exists. *IMO Indus. Inc. v. Kiekert AG*, 155 F.3d 254, 256 (3d Cir. 1998) (citing *Calder v. Jones*, 465 U.S. 783 (1984)). According to the New Jersey Supreme Court, "[w]here a defendant knowingly sends into a state a false statement, intending that it should be relied upon to the

injury of a resident of that state, he has, for jurisdictional purposes, acted within that state." *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 326 (1989) (internal quotations omitted).

### 2. Motion to Transfer

Both movants seek to transfer this action: Russell to the Northern District of California and the RAK Defendants to the Central District of California. Title 28, United States Code, Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." "The purpose of Section 1404(a) is to avoid the waste of time, energy and money, and, in addition, to safeguard litigants, witnesses and the public against avoidable inconvenience and expense." *Tischio v. Bontex, Inc.*, 16 F. Supp.2d 511, 518 (D.N.J. 1998) (citing *Ricoh Co., Ltd. v. Honeywell, Inc.*, 817 F. Supp. 473, 479 (D.N.J. 1993); *Am. Tel. & Tel. Co. v. MCI Communications Corp.*, 736 F. Supp. 1294, 1305 (D.N.J. 1990)).

"Whether to transfer a case is generally committed to the discretion of the district courts." *In re United States*, 273 F.3d 380, 387 (3d Cir. 2001); *see also Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973) (under § 1404(a), "the district court is vested with a wide discretion"). However, when determining whether to transfer a matter, the Court should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Rappoport v. Steven Spielberg, Inc.*, 16 F. Supp. 2d 481, 498 (D.N.J. 1998) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir.1995)). "The burden of establishing the need for transfer still rests with the movant." *Jumara*, 55 F.3d at 879. Although the Third Circuit has not provided a definitive list of factors, the Third Circuit has identified the following factors that may be

7

considered:

> plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses-but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum) . . . . the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity.

*Jumara*, 55 F.3d at 879-880 (citations omitted); *see also Foley & Lewis Racing, Inc. v. Burling*, No. 07-972 (JEI), 2008 WL 544655, at *3 n.11 (D.N.J. Feb. 27, 2008) (listing factors).

The decision whether to dismiss or transfer an action rests within the sound discretion of the trial court. *Jumara*, 55 F.3d at 883. To transfer an action, it must be shown that the alternative venue is not only adequate, but also more convenient than the current one. *Id.* at 879.

### B. Application

#### 1. Russell's Motion

##### a. Minimum Contacts

Defendant Russell moves to dismiss or transfer this action for lack of personal jurisdiction, arguing that "Mr. Russell does not own any property in New Jersey, does not have any personal business in New Jersey, and has not even been in the State of New Jersey in years." (Russell's Br. at 1). However, Russell concedes that his "only direct communication with plaintiff Thorner took place via telephone and/or email in or about May to July 2005." (*Id.*) According to the New Jersey Supreme Court, "[w]here a defendant knowingly sends into a state a false statement, intending that it should be relied upon to the injury of a resident of that state, he

has, for jurisdictional purposes, acted within that state." *Lebel v. Everglades Marina, Inc.*, 115 N.J. 317, 326 (1989). Thorner alleges that he and Russell engaged in telephone or e-mail conversations which contained false or misleading statements in paragraphs 56, 69, 70, 113, and 121 of the Amended Complaint. Taking all of plaintiff's allegations as true, the allegations against Russell for fraudulently misrepresenting and concealing material facts to induce plaintiffs to enter into a license agreement meets the minimum contacts prong of the test with respect to defendant Russell.

        **b.**    **Fair Play and Substantial Justice**

Russell also argues that asserting personal jurisdiction over him is inconsistent with fair play and substantial justice. (Russell's Br. at 5). However, New Jersey has a considerable interest in protecting its residents from fraud. *Miller Yacht Sales v. Smith*, 89 F. Supp. 2d 564, 568 (D.N.J. 2000). Where defendants' actions in one state have important results in another, it is fair and just that the defendants be responsible for their conduct in the latter state. *Semcor, Inc. v. Satellite Air Transp. Assocs.*, 201 N.J. Super. 386, 390 (Law Div. 1985).

        **c.**    **Motion to Transfer**

Russell alternatively moves this Court for transfer to the United States District Court for the Northern District of California on grounds that venue is "wrong" under 28 U.S.C. § 1406(a) when a court lacks personal jurisdiction over a defendant. (Russell Br. at 6). Because this Court has personal jurisdiction over Russell and venue is proper in Trenton, the motion to transfer is denied.

    **2.**    **RAK Defendants' Motion**

        **a.**    **Minimum Contacts**

9

The RAK Defendants similarly move to dismiss or transfer the action for lack of personal jurisdiction. The RAK Defendants are Larry C. Russ, a California attorney, Marc A. Fenster, a California attorney, and Russ, August & Kabat, a California law firm. However, the RAK Defendants, in their brief, concede that "the only allegations that plaintiffs have made against the RAK Defendants are vague and general statements regarding purported telephone and e-mail communications between Russ and Fenster, and plaintiff, Craig Thorner." (RAK Br. at 2-3). Plaintiff has alleged fraudulent misrepresentation and concealment of material facts which occurred over the telephone and via e-mail which, taken as true, support this Court's exercise of personal jurisdiction. (Am. Comp. ¶¶ 34, 36-39, 41, 48, 50-56, 58, 114-115, 122-124, 127, 132-134). "When . . . a non-resident defendant purposely directs its activities to the forum, and the litigation results from alleged injuries that arise out of or relate to those activities, the forum may assert personal jurisdiction over the defendant." *Lebel*, 115 N.J. at 326 (quuoting *Hughes v. Balemaster, Inc.*, 652 F.Supp. 1350, 1351-52 (E.D. Mo. 1987)).

The RAK Defendants also cite *Zurich Specialties London Ltd. v. Brooks Insurance Agency*, 2005 WL 1106511 (D.N.J. 2005) (Brown, J.) for the proposition that a non-resident defendant's telephone and e-mail contacts do not confer personal jurisdiction over that defendant. This case is distinguishable, because here, unlike in *Zurich*, the alleged phone calls and e-mail contacts to the plaintiff in the State of New Jersey form the heart of the lawsuit. In *Zurich*, the activities which gave rise to the contract that was the subject of the suit took place outside the State of New Jersey. *Id.* at *3. Here, New Jersey is the focal point of all defendants' alleged tortious conduct. Plaintiff has alleged that fraudulent telephone calls were made to him while he was in New Jersey. Plaintiff has also alleged that defendants' fraudulent "scheme" was

implemented by defendant Gregory S. Gewirtz, a New Jersey attorney, at the law offices of Lerner, David, Littenberg, Krumholz & Mentlik LLP, a New Jersey law firm. (Am. Compl. at ¶¶ 60, 61, 69, 70, 72). Therefore, the minimum contacts requirement is satisfied with respect to the RAK Defendants.

### b. Fair Play and Substantial Justice

The RAK Defendants next argue that "even if this Court determines that plaintiffs have established the requisite minimum contacts between New Jersey and the RAK Defendants . . . the assertion of personal jurisdiction would not comport with traditional notions of fair play and substantial justice." (RAK Br. at 9). However, New Jersey has a considerable interest in protecting its residents from fraud. *Miller Yacht Sales v. Smith*, 89 F. Supp. 2d 564, 568 (D.N.J. 2000). Where defendants' actions in one state have important results in another, it is fair and just that the defendants be responsible for their conduct in the latter state. *Semcor, Inc. v. Satellite Air Transp. Assocs.*, 201 N.J. Super. 386, 390 (Law Div. 1985).

### c. Motion to Transfer

The RAK Defendnats alternatively move this Court for transfer to the United States District Court for the Central District of California on grounds that venue is "wrong" under 28 U.S.C. § 1406(a) when a court lacks personal jurisdiction over a defendant. (Russell Br. at 6). Because this Court has personal jurisdiction over the RAK Defendants and venue is proper in Trenton, the motion to transfer is denied.

### III. CONCLUSION

For the reasons stated above, Russell's Motion to Dismiss or in the Alternative to

Transfer (Dkt. No. 26) is DENIED, and the RAK Defendants' Motion to Dismiss or in the Alternative to Transfer (Dkt. No. 39) is also DENIED. An appropriate form order is filed herewith.

Dated: November 20, 2009

s/ Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.
