<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG THORNER and VIRTUAL REALITY FEEDBACK CORPORATION, <br>      Plaintiffs, <br><br>v. <br><br>SONY COMPUTER ENTERTAINMENT AMERICA INC.; SONY COMPUTER ENTERTAINMENT INC.; GREGORY S. GEWIRTZ; LERNER DAVID LITTENBERG KRUMHOLZ & MENTLIK, LLP; PERFORMANCE DESIGNED PRODUCTS LLC; RILEY RUSSELL; LARRY C. RUSS; MARC A. FENSTER and RUSS AUGUST & KABAT, A PROFESSIONAL CORPORATION, <br>      Defendants. <br><br>GREGORY S. GEWIRTZ, ESQ.; LERNER, DAVID, LITTENBERG, KRUMHOLZ & MENTLIK, LLP, <br>    Defendants/Third Party Plaintiffs, <br><br>v. <br><br>GLEN M. DIEHL, ESQ.; DIEHL SERVILLA LLC, <br>      Third Party Defendants. | Civil Action No. 09-1894 (GEB-DEA) <br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

   This matter comes before the Court upon the motion for sanctions filed by Defendants

Gregory S. Gewirtz and his law firm, Lerner David Littenberg Krumholz & Mentlik, LLP

("Gewirtz" and "Lerner David," respectively, or "the Lerner David defendants," collectively.) (Doc. No. 85.)  The motion is opposed by Plaintiff Craig Thorner ("Thorner") and Third-Party Defendant Glen Diehl ("Diehl").  The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78, and for the reasons stated herein, will dismiss the motion with leave to re-file.

I.    BACKGROUND

The claims at issue in the current motion relate to an alleged breach of fiduciary duty and legal malpractice by defendant Gewirtz by and through his law firm, Lerner David.  Plaintiff Thorner alleges that the Lerner David defendants breached a duty owed to him while Gewirtz was representing Thorner in connection with a licensing agreement.  (Am. Compl., Counts II-IX; Doc. No. 6.)  The Lerner David defendants filed the instant motion for sanctions because they assert that Thorner has admitted that he was not being represented by Gewirtz or Lerner David at the time he signed the aforementioned licensing agreement.  (Def.'s Mot. for Sanctions at 1; Doc. No. 85.)

This case was commenced on April 21, 2009 when Thorner filed a complaint, which was amended on May 14, 2009.  The amended complaint alleges patent infringement, attorney malpractice, failure to properly advise the plaintiffs of conflicts, breach of fiduciary duty, fraud, negligent misrepresentation, conspiracy, aiding and abetting, and two counts of breach of contract.  (Doc. No. 6.)  On June 22, 2009 Defendant Riley Russell moved to dismiss for lack of jurisdiction.  (Doc. No. 26.)  On July 10, 2009 Defendants Larry Russ, Marc Fenster, and Russ August & Kabat, a group of California lawyers and their law firm, also moved to dismiss for lack of jurisdiction.  Both of these motions were denied in the Court's memorandum opinion dated

November 20, 2009.  (Doc. No. 86.)  On July 2, 2009 Defendant Sony Computer Entertainment America Inc. moved before Judge Arpert to disqualify plaintiff's counsel, Glen M. Diehl, Esq., due to a conflict of interest.  Because Mr. Diehl, now a third-party defendant in this case, was formerly an associate at Lerner David and worked on matters for Sony while at Lerner David, Judge Arpert disqualified him from acting as plaintiff's counsel in this case on November 20, 2009.  (Doc. No. 89.)  Two days before Judge Arpert's opinion was issued, the instant motion for sanctions (Doc. No. 85) was filed.  Due to a delay in the briefing schedule while plaintiff searched for new counsel, the matter was not fully briefed until February 2, 2010.

## II.   DISCUSSION

### A.   Standard of Review

Rule 11 of the Federal Rules of Civil Procedure provides, in pertinent part:

> By presenting to the court a pleading, written motion, or other paper - whether by signing, filing, submitting, or later advocating it - an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . .

FED. R. CIV. P. 11(b)(1)-(2).  The Lerner David defendants also seek sanctions pursuant to the New Jersey Frivolous Litigation Statute, N.J.S.A. 2A:15-59.1, which is "patterned after Rule 11 of the Federal Rules of Civil Procedure."  *Sjogren, Inc. v. Caterina Ins. Agency*, 244 N.J. Super. 369, 373 (Ch. Div. 1990).

### B.   Analysis

3

The advisory committee notes to the Federal Rules note that "[t]he revision leaves for resolution on a case-by-case basis, considering the particular circumstances involved, the question as to when a motion for violation of Rule 11 should be served and when, if filed, it should be decided." FED. R. CIV. P. 11 advisory committee's note. Here, because this motion for sanctions came before any dispositive motion or final judgment in favor of the Lerner David defendants, any ruling on this motion for sanctions would inherently also be a premature ruling on any such final resolution.

The Court is aware that the advisory committee's notes also state that "[o]rdinarily the motion should be served promptly after the inappropriate paper is filed, and, if delayed too long, may be viewed as untimely." *Id.* Here, the Court notes that the motion has been served promptly after the filing of the amended complaint, which is the alleged inappropriate paper. Moreover, the moving party's allegations are most troubling. However, the Court will reserve judgment on this motion for sanctions and stay it until final resolution on the merits of the underlying claims.

## III. CONCLUSION

For the reasons stated herein, the Court will stay and administratively terminate the motion for sanctions with leave to re-open after a final disposition on the merits.. An appropriate form of order is filed herewith.


Dated: March 9, 2010

                                                   s/ Garrett E. Brown, Jr.
                                              GARRETT E. BROWN, JR., U.S.D.J.