**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG THORNER, et al., | CIVIL ACTION NO. 09-1894 (MLC) |
| Plaintiffs, | **MEMORANDUM OPINION** |
| v. | |
| SONY COMPUTER ENTERTAINMENT AMERICA LLC, et al., | |
| Defendants. | |

**THE MOVANT**, Budd Larner, P.C. ("Budd Larner"), now moves to enforce its attorney fee lien pursuant to N.J.S.A. 2A:13-5 against its former clients, Craig Thorner and Virtual Reality Feedback Corporation ("Thorner"). (See dkt. entry no. 221, Budd Larner Mot.)

**BUDD LARNER** was initially engaged by Thorner to act as local counsel on his behalf against the defendants. (See id. at ¶ 2; dkt. entry no. 234-1, Affidavit of Allen L. Harris, Ex. A, 1-5-10 Fee Agreement Letter.) Thorner and the defendants had entered into a settlement agreement, which Thorner contended was void because it was negotiated by his attorneys from the firm Niro, Haller & Niro ("Niro"), and they lacked authority to accept unilaterally the settlement on his behalf. (See dkt. entry no. 203, 3-18-13 Mem.

Op. at 1-3, 17.)  Thorner and Niro thereafter terminated their relationship.  (See id. at 3.)

**BUDD LARNER** subsequently entered into a fee agreement with Thorner to represent him in the following matters: (1) to oppose a motion filed by the defendants to enforce the settlement agreement in the underlying action; (2) to move for a stay pending appeal of the Court's March 18, 2013 Order (dkt. entry no. 204), which granted the defendants' motion to enforce the settlement agreement; (3) to file an appeal from the Court's March 18, 2013 Order to the United States Court of Appeals for the Federal Circuit; and (4) to file a complaint for legal malpractice against Niro in the Superior Court of New Jersey.  (See Budd Larner Mot. at ¶ 2; Affidavit of Allen L. Harris, Ex. A, 9-14-12 e-mail.)

**BUDD LARNER** initially argued that Thorner owed a balance of $62,287.26 for services rendered in, inter alia, the above-listed matters (the "outstanding balance"), and that its charging lien attached to the settlement amount of $300,000.  (See Budd Larner Mot. at ¶¶ 6, 14.)[1]  Budd Larner acknowledges in its reply brief, however, that $5,200 of the outstanding balance relates to work undertaken for potential claims against Microsoft in a separate lawsuit.  (See dkt. entry no. 234, Budd Larner Reply Br. at 9 n.2.)

---

[1] On August 6, 2013, the Court ordered the defendants to "deposit $62,287.26 [of the $300,000 settlement] into the Court's Registry Fund to be transferred into the Court Registry Investment System ("CRIS") . . . to be held in escrow pending resolution of [this motion]."  (See dkt. entry no. 226, 8-6-13 Stipulation and Order.)

2

Budd Larner agrees not to pursue that portion of the outstanding balance here, and instead will seek those fees in a separate state court action. (See id.) Budd Larner is thus seeking $57,087.26 "relat[ing] to work performed in connection with the motion to stay pending appeal, the appeal to the United States District Court [sic] for the Federal Circuit and the state court complaint against the Niro firm." (See dkt. entry no. 234-2, Affidavit of Allen L. Harris Pursuant to RPC 1.5 at ¶ 12.)

**BUDD LARNER'S** assertion of a lien is based upon N.J.S.A. 2A:13-5, which states:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

N.J.S.A. 2A:13-5.

**THE COURT** finds that the plain language of N.J.S.A. 2A:13-5 indicates that Budd Larner can only have a lien for compensation

upon the action pending in front of this Court.  See id. (stating that "the attorney or counsellor at law, who shall appear in the cause for the party instituting the action . . . shall have a lien for compensation, upon his client's action . . . which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor," and further that "[t]he court in which the action or other proceeding is pending . . . may determine and enforce the lien"); see also Schepisi & McLaughlin, P.A. v. LoFaro, 430 N.J. Super 347, 354 (N.J. App. Div.) ("The common-law charging lien is for 'services rendered in a particular cause of action and . . . attaches to the judgment in the cause for which the services were rendered.'"), cert. denied, 215 N.J. 486 (2013); H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super 347, 353 (N.J. App. Div. 1959) (stating that, "where the determination or enforcement of an attorney's lien is sought, . . . [t]he attorney should make application to the court, as a step in the proceeding of the main cause, by way of petition") (emphasis added).

**BUDD LARNER** thus possesses a lien in an amount equal to the portion of the outstanding balance that is related to (1) work performed in connection with the motion to stay pending appeal and (2) the appeal to the United States Court of Appeals for the Federal Circuit ("work performed in this case").  The Court declines to find that Budd Larner can assert a lien in this action

for the portion of the outstanding balance related to work performed in the legal malpractice action against Niro.

**AS PART OF** the determination and enforcement of an attorney's lien pursuant to N.J.S.A. 2A:13-5, the court in which the underlying matter is pending will determine the amount of the fee to which an attorney is entitled. See H. & H. Ranch Homes, Inc., 54 N.J. Super at 353.

**BUDD LARNER** – in support of its motion – has submitted invoices for services rendered that relate to the outstanding balance. (See Affidavit of Allen L. Harris, Exs. D-E.) Allen L. Harris, a member of the firm of Budd Larner, avers:

> The monies owed relate to three particular invoices: Invoice Nos. 132490 in the remaining amount of $3,005.80 dated April 30, 2013; 133785 in the amount of $53,951.97 dated May 14, 2013; and 133879 in the amount of $5,329.49 dated May 16, 2013. The time on those invoices relate to work performed in connection with the motion to stay pending appeal, the appeal to the United States District Court [sic] for the Federal Circuit and the state court complaint against the Niro firm.

(Affidavit of Allen L. Harris Pursuant to RPC 1.5 at ¶ 12 (citations omitted).)

**THE COURT,** upon review of the relevant invoices, is unable to decipher which fee entries correspond to work performed in this case, as those fee entries are intermingled with fee entries corresponding to work performed in connection with the legal

5

malpractice action against Niro. (See Affidavit of Allen L. Harris, Exs. D-E.)

**THE COURT**, for the foregoing reasons, finds that Budd Larner possesses an attorney fee lien, by virtue of N.J.S.A. 2A:13-5, which attaches solely to the portion of the outstanding balance that is related to work performed in this case. The precise amount of the lien, however, must be determined by the Court upon further briefing by Budd Larner and Thorner. Therefore the Court further directs Budd Larner and Thorner to **SHOW CAUSE**, by supplemental briefing and any supporting documents, on the following remaining issues: (1) which fee entries – among those contained in invoice nos. 132490, 133785, and 133879 - correspond to work performed in this case, (2) the reasonableness of said fees, and (3) whether Budd Larner is also entitled to attorney fees and costs from Thorner, payable out of the outstanding balance in connection with filing this motion and responding to this Order to Show Cause.

**THE COURT**, for good cause appearing, will: (1) grant Budd Larner's motion to enforce its attorney fee lien insofar as it seeks to assert the attorney fee lien against the portion of the outstanding balance that is related to work performed in this case; and (2) deny the motion insofar as it seeks to assert the lien

6

against the portion of the outstanding balance related to work performed in connection with the malpractice action against Niro.[2]

**THE COURT** will enter an appropriate Order and Order to Show Cause.

                                                       s/ Mary L. Cooper  
                                                       **MARY L. COOPER**  
                                                       United States District Judge

Dated: March 19, 2014

---

[2] Budd Larner is advised that initiating a separate state court action premised on the purported breach of its attorney fee agreement is the proper method to recover any attorney fees generated in the legal malpractice action filed on behalf of Thorner against Niro.