NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CRAIG THORNER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>SONY COMPUTER<br>ENTERTAINMENT AMERICA LLC,<br>et al.,<br><br>    Defendants. | CIVIL ACTION NO. 09-1894 (MLC)<br><br>**MEMORANDUM OPINION** |

**COOPER, District Judge**

The facts and procedural history pertinent to this memorandum opinion are contained in the Court's opinion dated March 19, 2014. (See dkt. entry no. 237, 3-19-14. Op.) On that date, the Court ordered the parties to show cause: "(1) which fee entries – among those contained in invoice nos. 132490, 133785, and 133879 - correspond to [(a) work performed in connection with the motion to stay pending appeal and (b) the appeal to the United States Court of Appeals for the Federal Circuit ("work performed in this case")], (2) the reasonableness of said fees, and (3) whether Budd Larner is also entitled to attorney fees and costs from Thorner, payable out of the outstanding balance in connection with filing this motion and responding to this Order to Show Cause." (Id. at 6; see also dkt. entry no. 238, 3-19-14 Order & Order to Show Cause.)

The movant, Budd Larner, P.C. ("Budd Larner"), responded to the Court's Order to Show Cause ("OTSC") by (1) identifying the fee entries contained in the specified invoices that correspond to the work performed in this case, (2) addressing the reasonableness of the fees, and (3) arguing that it is entitled to attorney fees and costs and prejudgment and post-judgment interest. (See dkt. entry no. 239, Budd Larner Supplemental Br.) Budd Larner argues that, in total, "the time entries contained in Invoice Nos. 132490, 133785 and 133879 that correspond to Work Performed in This Case is $36,653, so, therefore, the attorney lien attaches to $36,653." (See id. at 4 (emphasis omitted).) Budd Larner further argues that outstanding disbursements related to work performed in this case amount to $1,381.46. (See id. at 4-5.) Budd Larner maintains that "in light of the Court's ruling that the attorney lien attaches to the Work Performed in This Case and not to work performed in the state court legal malpractice action against Niro, a 50%-50% allocation is appropriate," and thus disbursements of $690.73 should be added to the outstanding fee amount to reach a total amount of $37,343.73, which "should be payable to Budd Larner out of the outstanding balance held in escrow." (See id. at 5.)

Budd Larner also analyzed the factors enumerated in New Jersey Rule of Professional Conduct ("RPC") 1.5(a) in arguing that the fees it billed its former clients Craig Thorner and Virtual Reality Feedback Corporation ("Thorner") were reasonable. (See id. at 5-6; dkt. entry no. 239-1, Aff. of Allen L. Harris at 14-18 (analyzing reasonableness of fees).) Budd Larner notes that Thorner cannot challenge the reasonableness of the fees charged unless he provides an expert to opine on the reasonableness of Budd Larner's fees. (See Budd Larner Supplemental Br. at 6.)

Budd Larner then argues that there are particular policy considerations that the Court should consider that should lead the Court to award attorney fees and costs. (See id. at 6-7.) Budd Larner states:

> Indeed, the filing of the Petition in this matter was necessitated solely as a result of Thorner and VRF's failure to pay attorneys' fees and disbursements to Budd Larner as they had agreed to pay. If compensation for attorney fees are not permitted for fees incurred in connection with the fee Petition, then clients (such as is the case with Thorner and VRF) could simply ignore their payment obligations knowing that they are placing the law firm in a no-win situation. Even if a law firm such as Budd Larner prevails on its fee lien application (as Budd Larner has done here), the attorney will in effect not be made whole.

(Id. at 7.) Budd Larner lastly argues that it is entitled to prejudgment and post-judgment interest. (See id. at 8-9; dkt. entry no. 241, Budd Larner Reply Br. at 12-14.)

Thorner counters by stating that Budd Larner's fees are unreasonable, and proceeds with analyzing the RPC 1.5(a) factors. (See dkt. entry no. 240, Thorner Supplemental Br. at 7-11.) Thorner next contends that Budd Larner is not entitled to attorney fees because relevant case law states that attorneys are prohibited from recovering fees for the time spent appearing on their own behalf. (See id. at 11-12.) Thorner lastly argues that Budd Larner is not entitled to prejudgment or post-judgment interest because the Court did not order as such in the 3-19-14 Order and OTSC, and Budd Larner did not seek timely reconsideration of the order. (See id. at 13.)

The Court, having reviewed the parties' responses to the OTSC, finds that: (1) Budd Larner's attorney fee lien shall attach to $36,653.00; (2) Budd Larner has not made a showing that it is entitled to recover outstanding disbursements; (3) Budd Larner's fees were reasonable; and (4) Budd Larner is entitled to prejudgment and post-judgment interest.

The Court notes, as an initial matter, that Thorner does not challenge a single fee entry in invoice nos. 132490, 133785, and 133879.  (See generally Thorner Supplemental Br.) Rather than contesting whether specific fee entries should be attributed to this case, Thorner only challenges the reasonableness of the fees.  The Court therefore need not contemplate whether certain fee entries are properly attributed to this case and must only consider the reasonableness of said fees.

In regard to the reasonableness of the fees charged, Budd Larner posits that Thorner "cannot challenge the reasonableness of the fees charged by [Budd Larner] unless [he] provide[s] an expert to opine on the reasonableness of Budd Larner's fees."  (See Budd Larner Supplemental Br. at 6.)  Budd Larner cites to the New Jersey Appellate Division to support its position: "Defendants did not produce an expert to opine on the reasonableness of the services rendered.  Defendants, here, are lay persons and are not expected nor do they have sufficient knowledge or experience to opine on the reasonableness of legal services." (See Budd Larner Reply Br. at 8 (citing Alpert, Goldberg, Butler, Norton & Weiss, P.C. v. Quinn, N.J. Super. 510, 538 (N.J. App. Div. 2009)).)  While the Court agrees that Thorner himself is not qualified to opine on the reasonableness of the fees charged, expert testimony is not required to establish the reasonableness of attorney fees.  See Ranco Indus. Products Corp. v. Dunlap, 776 F.2d 1135, 1140 (3d Cir. 1985).  This is because "[a] judge is presumed knowledgeable as to the fees charged by attorneys in general and as to the quality of legal work presented to him by particular attorneys."  Id.

The factors to be considered in determining the reasonableness of a fee include the following:

4

> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
> (8) whether the fee is fixed or contingent.

N.J.R.P.C. 1.5(a)(1)-(8). The Court has considered these factors and finds that the fees charged by Budd Larner were reasonable. The work performed in this case by Budd Larner was involved and required a great deal of time and labor, particularly with regard to the preparation of the joint appendices and the brief for the appeal to the United States Court of Appeals for the Federal Circuit. Budd Larner offered Thorner discounted billing rates of $300 to $400 per hour, which this Court finds to be reasonable considering the particular legal services rendered and the experience of the attorneys involved. (See, e.g., dkt. entry no. 242, Aff. of Peter J. Frazza at ¶ 6 (stating that Attorney Frazza's customary hourly rate in January 2010 was $475.00 per hour, yet he billed Thorner discounted hourly rate of $350.00 per hour).) Regarding the amount involved, the Court notes that it is at least $300,000, as agreed to in the settlement agreement. Yet, the Court observes that one could argue that the amount involved could be considered in excess of $300,000, as much of the work performed in this case related to Thorner's appeal from this Court's ruling regarding the settlement agreement.[1]

---

[1] Thorner previously claimed that the Niro Firm settled the underlying matter without his consent. (See dkt. entry no. 232, Opp'n to Mot. to Enforce Att'y Fee Lien at 1.) Thorner subsequently retained Budd Larner to represent him to oppose Sony's Motion to Enforce the Settlement Agreement. (See

The legal work was performed on an emergent basis. Regarding the ability of the Budd Larner attorneys, Thorner himself expressed his satisfaction, on a number of occasions, with the abilities and the quality of work of Budd Larner's attorneys. (See Aff. of Peter J. Frazza, Ex. A, 10-1-12 Email from Thorner to Budd Larner.) In one particular email to Budd Larner, Thorner stated:

> Gentlemen, I want to confirm that I am thrilled with the work you have done. It is absolutely acceptable for the next version I see to be the filed version. I can't express enough my sincere gratitude for your efforts on my behalf. I want to let you all know that if we lose this motion, such an outcome would in no way whatsoever be reflective of your brilliant efforts. You have done all that could be done and I am grateful beyond words.

(Id.)[2]

After considering the above factors, and the parties' arguments regarding the same, the Court finds that the fees charged by Budd Larner for the work performed in this case are reasonable. Budd Larner's attorney fee lien shall therefore attach to $36,653.00.[3]

Budd Larner finally argues that it is entitled to attorney fees and costs and prejudgment and post-judgment interest. (See Budd Larner Supplemental Br.) In regard to the attorney

---

id.) As Thorner opposed Sony's Motion to Enforce the Settlement Agreement, Thorner necessarily believed the amount involved should have been greater than $300,000.

[2] Thorner premises much of his argument on the notion that Budd Larner approximated – at the onset of the representation – that fees for the work performed in this case would be $50,000. This is inconsequential. Thorner retained Budd Larner – by written fee agreements – to represent him in the work performed in this case. (See dkt. entry no. 239-1, Aff. of Allen L. Harris, Ex. E, Fee Agreements.) Thorner has provided the Court with no reason to question Budd Larner's position that Thorner had knowledge of and consented to all of the work performed in this case. (See Aff. of Peter J. Frazza at ¶ 5; see also Aff. of Peter J. Frazza, Ex. A, 10-1-12 Email from Thorner to Budd Larner.)

[3] Budd Larner's argument regarding disbursements is unintelligible, and thus the Court finds that Budd Larner has not made a showing that it is entitled to outstanding disbursements.

fees and costs, Budd Larner asks this Court to overlook relevant case law finding that attorneys who represent themselves are not entitled to be paid for their time, in favor of reaching the opposite conclusion due to the "unique policy considerations" at play in this matter.  (See id. at 7; Budd Larner Reply Br. at 12.)  The Court agrees with Thorner that Budd Larner – which is acting pro se – cites no statute, relevant case law, or other legal authority to support the proposition that it may collect its attorney fees and costs as a prevailing party in an attorney lien claim.  The New Jersey Lien Statute, N.J.S.A. 2A:13-5 does not provide for fee recovery by an attorney who is successful.  Nor did the fee agreements between the parties provide for such a recovery.  Additionally, as conceded by Budd Larner, relevant case law precludes an award of attorney fees in such a situation.  See, e.g., Segal v. Lynch, 211 N.J. 230, 259-60 (N.J. 2012) ("We perceive in this record no basis on which to conclude that attorneys who represent themselves are entitled to be paid for their time when all other litigants who choose to represent themselves would be denied such compensation.").  The Court furthermore finds the policy considerations proffered by Budd Larner unpersuasive.  The Court thus finds that Budd Larner is not entitled to attorney fees and costs.

      The Court does, however, find that Budd Larner is entitled to prejudgment and post-judgment interest.  There is a strong presumption in favor of an award of prejudgment interest.  See Marcus v. PQ Corp., 458 Fed.Appx. 207, 214 (3d Cir. 2012).  Budd Larner has not had use of the funds to which its attorney lien attaches, and those funds have been earning interest.  Thorner furthermore has not provided an adequate reason for Budd Larner not to receive prejudgment interest.  As Budd Larner has not provided any calculations concerning the imposition of prejudgment interest, the Court will exercise the discretion to utilize the

7

modest rate set forth in 28 U.S.C. § 1961 for ease of calculation and in the interest of justice.  See St. Paul Fire & Marine Ins. Co. v. AVH Trucking, No. 07-4802, 2008 WL 4601771, at *5 (D.N.J. Oct. 15, 2008).  The Court also finds that Budd Larner is entitled to post-judgment interest.  In an exercise of discretion and for ease of calculation, the Court will utilize the statutory rate set forth in 28 U.S.C. § 1961.[4]

For these reasons, the Court finds that: (1) Budd Larner's attorney fee lien shall attach to $36,653.00; (2) Budd Larner has not made a showing that it is entitled to recover outstanding disbursements; (3) Budd Larner's fees were reasonable; and (4) Budd Larner is entitled to prejudgment and post-judgment interest.  The Court will issue an appropriate order and judgment.

   s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated: August 14, 2014

---

[4] The Court notes that Budd Larner has not provided the Court with a date from which the prejudgment interest should be calculated.  In an exercise of discretion and for ease of calculation, the Court will instruct the Clerk of the Court to calculate the prejudgment interest beginning on August 6, 2013 – the date the Court ordered that the outstanding attorney fees be deposited into the Court's Registry Fund to be transferred into the Court Registry Investment System to be held in escrow pending resolution of Budd Larner's petition to enforce its attorney fee lien – and ending on August 14, 2014.  (See dkt. entry no. 226, 8-6-13 Stipulation and Order.)