**BUDD LARNER**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

150 JOHN F KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973 379 4800
FAX 973.379 7734
www.buddlarner.com

September 12, 2014

<u>By ecf & regular mail</u>

Hon. Mary L. Cooper, U.S.D.J.
Clarkson S. Fisher Federal Building
   & U.S. Courthouse
Room 5000
402 E. State Street
Trenton NJ 08608

    Re:  Craig Thorner et al. v. Sony, et al.
         Budd Larner, P.C. Fee Petition
         Civil Action No. 09-cv-01894 (MLC)(DEA)

Dear Judge Cooper:

    I am constrained to write in response to the September 11, 2014 letter from Arthur M. Peslak, counsel for plaintiffs, to Your Honor. In that letter, Mr. Peslak has requested two changes be made to the proposed form of Order and Amended Judgment I submitted on September 8, 2014. With respect to the first of the proposed changes, Petitioner *pro se* Budd Larner, P.C. ("Budd Larner") objects.

    The change sought by Mr. Peslak that Budd Larner finds objectionable relates to subparagraph 3 on page 5 of the proposed Order and Amended Judgment. Mr. Peslak states: "Plaintiff's (sic) request that the Order provide that any fee deducted by the Custodian of the Court's Registry be split evenly between the parties rather than borne by Plaintiffs only." The insertion of such language into the Order and Amended Judgment will be fundamentally unfair to Budd Larner and would result in a windfall to Plaintiffs.

    The fees deducted from monies held in C.R.I.S. are set forth in L.Civ.R. 67.1.

    Pursuant to L.Civ.R. 67.1(a)(3)(A):

    The Custodian is authorized to deduct the registry fee
    for maintaining accounts in C.R.I.S. and the investment
    services fee for the management of investments. The
    proper registry fee is to be determined on the basis of

BUDD LARNER
A PROFESSIONAL CORPORATION

Hon. Mary L. Cooper, U.S.D.J.
Page 2

the rates published by the Director of the Administrative Office of the United States Courts as approved by the Judicial Conference. The investment services fee is assessed from <u>interest earnings</u> according to the Court's Miscellaneous Fee Schedule which can be found on the Court's internet site. (Emphasis added).

Pursuant to L.Civ.R. 67.1(b)(3), the "Custodian shall deduct a miscellaneous fee for the handling of those registry funds invested in interest bearing accounts...of 10% of the <u>income earned</u> on an account and any subsequent deposit of new principal while invested in the C.R.I.S." (Emphasis added). In other words, the miscellaneous fee is not based upon the amount of principal being held in escrow in C.R.I.S., but rather the fee is calculated only on the income earned on said funds.

In your August 14, 2014 Memorandum Opinion and Order and Judgment, Your Honor did not provide for Budd Larner to receive any of the income earned on the escrow funds held in C.R.I.S. Rather, Budd Larner was awarded prejudgment interest and post-judgment interest at the statutory rate (which is .10%). If plaintiffs' proposed language is included in the Order and Amended Judgment then the clear result will be that plaintiffs receive 100% of the income earned on the funds held in escrow in C.R.I.S. while having to pay: (1) only 50% of the investment services fee (which is assessed from interest earnings); and (2) only 50% of the miscellaneous schedule fee (which is based upon income earned on the escrowed funds in C.R.I.S.).

Such a result would clearly be unfair to Budd Larner.

Moreover, as Budd Larner was successful on its attorney fee lien application, plaintiffs should be responsible for the fees.

Respectfully,

ALLEN L. HARRIS

cc: Arthur M. Peslak, Esq. (by e-mail)
    Mr. Jack O'Brien (by regular mail)
    Ms. Denise Howard (by regular mail)
990047