BUDD LARNER, P.C.
150 John F. Kennedy Parkway
Short Hills, NJ 07078
(973) 379-4800
Attorneys for Petitioner, *pro se*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG THORNER and
VIRTUAL REALITY FEEDBACK
CORPORATION,

              Plaintiffs,

v.

SONY COMPUTER ENTERTAINMENT
AMERICA, LLC; SONY COMPUTER
ENTERTAINMENT INC.; SONY
ELECTRONICS, INC.; GREGORY
S. GEWIRTZ; LERNER DAVID
LITTENBERG KRUMHOLZ &
MENTLIK, LLP; RILEY RUSSELL;
LARRY C. RUSS; MARC A.
FENSTER; and RUSS AUGUST &
KABAT,

              Defendants,

GREGORY S. GEWIRTZ and
LERNER DAVID LITTENBERG
KRUMHOLZ & MENTLIK, LLP,

      Defendants/Third-Party
      Plaintiffs,

v.

GLENN M. DIEHL, ESQ. and
DIEHL SERVILLA, LLC

      Third-Party Defendants

RECEIVED

SEP 19 2014

AT 8:30_____M
WILLIAM T. WALSH CLERK

Civil Action
No.: 3:09-cv-01894-MLC-DEA

Hon. Mary L. Cooper, USDJ
Hon. Douglas E. Arpert, USMJ

**ORDER AUTHORIZING
DISBURSEMENT OF MONIES
FROM THE COURT'S REGISTRY
FUND PURSUANT TO L.CIV.R. 67.1(b)
AND AMENDED JUDGMENT**

This matter having been opened to the Court by Petitioner *pro*

*se* Budd Larner, P.C. (hereinafter "Petitioner" or "Budd Larner") for the disbursement of certain monies to Budd Larner pursuant to L.Civ.R. 67.1(b) that were deposited in the Court's Registry Fund and transferred into the Court Registry Investment System ("CRIS"); and

It appearing that on July 17, 2013, Budd Larner filed a Petition to enforce its attorney fee lien pursuant to N.J.S.A. 2A:13-5 against its former clients, Craig Thorner and Virtual Reality Feedback Corporation (collectively the "Plaintiffs"); and

It appearing that on August 6, 2013, a Stipulated Order of Dismissal was filed providing, among other things, that Sony Computer Entertainment, Inc., Sony Electronics Inc. and Riley Russell (collectively the "Sony Defendants") shall deposit $62,287.26 into the Court's Registry Fund to be transferred into CRIS to be held in escrow pending resolution of the petition to enforce an attorney's fee lien filed by Petitioner against Plaintiffs [Dkt. Entry 226]; and

It appearing that on or about August 7, 2013, $62,287.26 was sent to the Court's Registry Fund by counsel for the Sony Defendants to be held in escrow [Dkt. Entries 227 & 228]; and

It appearing that on March 19, 2014, the Hon. Mary L. Cooper U.S.D.J. filed a Memorandum Opinion and an Order to Show Cause in which the Court determined, among other things, that Budd Larner's attorney fee lien Petition was granted against the portion of the $62,287.26 that is being held in escrow pursuant to the Court's

2

August 6, 2013 Order insofar as the attorney's fees are related to (1) work performed in connection with the motion to stay pending appeal and (2) the appeal to the United States Court of Appeals for the Federal Circuit [Dkt. Entries 237 & 238]; and

It appearing that on August 14, 2014, Judge Cooper entered a Memorandum Opinion and Order and Judgment relating to the Order to Show Cause filed by the Court on March 19 [Dkt. Entries 243 & 244]; and

It appearing that in the August 14 Order and Judgment, Judge Cooper adjudged, among other things, that the attorney fee lien of Budd Larner attaches to $36,653; and

It appearing that in the August 14 the Order and Judgment Budd Larner was awarded judgment for the following amounts:

(a) $36,653 for the unpaid attorney fee; and

(b) prejudgment interest upon the aforementioned $36,653.00 to be calculated by the Clerk of the Court at the statutory rate in effect on August 14, 2014 as set forth in 28 U.S.C. §1961, for the period beginning August 6, 2013 and ending August 14, 2014; and

It appearing that the statutory rate in effect on August 14, 2014 as set forth in 28 U.S.C. §1961 is 0.10%; and

It appearing, therefore, that prejudgment interest that has accrued for the period beginning August 6, 2013 and ending August 14, 2014 is $37.48 ($36,653 x 0.10%=$36.65 for the period of August 6, 2013 through August 6, 2014 and ¢83 for the period of August 7, 2014 through August 14, 2014); and

3

It appearing that it was Adjudged in the August 14 Order and Judgment that interest will accrue upon the total amount calculated - $36,690.48 ($36,653 + $37.48)  at the statutory post-judgment rate commencing on August 15, 2014, until the judgment is satisfied; and

It appearing that post-judgment interest accrues at the statutory rate that is equivalent to ¢10 per day ($36,690.48 x 0.10%= $36.69 per year; $36.69 divided by 365 is ¢10 per day); and

It appearing that Petitioner having  shown that it is entitled to judgment and the receipt of $36,690.48 plus post-judgment interest commencing on August 15, 2014 at the per diem rate of ¢10; and

It appearing that as of September 30, 2014, $2.60 in post-judgment interest shall have accrued; and

It appearing that Petitioner having provided full proof of its right to judgment and the distribution of $36,690.48 plus post-judgment interest of $2.60 for a total of $36,693.08 from the $62,287.26 being held in escrow in CRIS; and

It appearing that no provision was made in the Court's August 14, 2014 Memorandum Opinion and Order and Judgment for interest accrued on the $62,287.26 in CRIS to be apportioned between the parties; and

It appearing that proper notice has been provided to Arthur Peslak, counsel for plaintiffs Craig Thorner and Virtual Reality Feedback Corporation and that this request for disbursement from

4

the Court Registry has been submitted to the Clerk of the Court for approval pursuant L.Civ.R. 67.1; and

It appearing that good cause has been shown;

IT IS on this *19th* day of *SEPT.* , 2014:

ADJUDGED AS FOLLOWS:

(1) Judgment be and hereby is entered in favor of Petitioner *pro se* Budd Larner, P.C. and against plaintiffs Craig Thorner and Virtual Reality Feedback Corporation, jointly and severally, in the amount of $36,693.08  The Court's August 14, 2014 Order and Judgment be and is hereby amended accordingly; and

(2) Pursuant to L.Civ.R. 67.1(b), $36,693.08 shall be disbursed from the Court's Registry Fund and paid directly by the Court's Registry Fund to Budd Larner, P.C., 150 John F. Kennedy Parkway, Short Hills, New Jersey (Attention: Allen L. Harris, Esq.) within twenty (20) days from the date hereof; and

(3) Any fee to be deducted by the Custodian of the Court's Registry pursuant to L.Civ.R. 67.(b)(3) shall <u>not</u> be deducted from the monies due and distributed to Petitioner pursuant to paragraph 2 above but, rather, shall be paid from the monies remaining in escrow in the Court's Registry following the disbursement of $36,693.08 to Petitioner.[1]

*Mary L. Cooper*
_____
Hon. Mary L. Cooper, U.S.D.J.

Dated: *SEPTEMBER 19, 2014*

1  *THE COURT HAS REVIEWED LETTERS FROM THE PARTIES (DOCKET ENTRIES 245, 246 AND 247) AND FINDS THIS PROPOSED FORM OF ORDER APPROPRIATE, INCLUDING PARAGRAPH 3 ABOVE. THE REGISTRY FEE TO DATE IS ONLY $1.15 AND THIS DE MINIMUS FEE SHOULD BE PAID FROM THE ESCROW BALANCE AFTER DISBURSEMENT OF THE SUM AWARDED TO PETITIONER.*

## **L.Civ.R. 67.1(b)(4)**

I recommend approval of the above order and declare that no lien or other claim against monies deposited in the Registry of the Court in the matter is on file in my office as of this date.

Dated: _____

Clerk/Deputy Clerk

989454

6